Preetinder KALEKA; et al., Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

Nos. 03–71226.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 23, 2004.

---

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Stephen J. Flynn, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Preetinder Kaleka, a native and citizen of India, petitions for review of the deci-

---

* The panel unanimously finds this case suitable for decision without oral argument. We

grant Kaleka's motion to submit the case on the briefs. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

sion of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004), and grant the petition for review.

The IJ found Kaleka not credible, in part, because his asylum application omitted certain details of his torture and subsequent medical treatment. Minor omissions from an alien's asylum application do not support an adverse credibility determination. *See Bandari v. INS*, 227 F.3d 1160, 1166–67 (9th Cir.2000). Moreover, certain of the IJ's findings are not supported by substantial evidence as the IJ incorrectly determined that Kaleka omitted details of his torture from his asylum interview. *See He v. Ashcroft*, 328 F.3d 593, 603 (9th Cir.2003).

The IJ also questioned Kaleka's credibility because he testified that he fled Punjab one month earlier than he listed on his asylum application. Minor discrepancies in dates are not sufficient to support an adverse credibility determination. *See Bandari*, 227 F.3d at 1166.

In sum, a reasonable adjudicator would be compelled to conclude that the factual findings underlying the IJ's adverse credibility determination were not supported by substantial evidence. *See Singh*, 362 F.3d at 1168.

In addition, the IJ did not conduct an individualized analysis of whether Kaleka maintained a well-founded fear of persecu-tion in light of the evidence presented regarding changed country conditions. *See Osorio v. INS*, 99 F.3d 928, 932–33 (9th Cir.1996). We remand this matter to the BIA for further proceedings to determine whether, accepting Kaleka's testimony as credible, he is eligible for asylum, withholding of removal, or relief under the Convention. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

